Sutliff, J.
The facts of the case, as they appear from the relators’ petition, alternative writ, and answer thereto, are as follows :
At the May term, 1857, of the court of common pleas of Columbiana county, held by the defendant, one of the judges of the ninth judicial district, two causes were pending in that eourt; one entitled Jacob N. McCullough, Duncan McDonald, E. W. Roby, Daniel McDonald, and Selah Chamberlain, partners under the name of Chamberlain, McDonald & Co., plaintiffs, v. Isaac Shelby, Jun., Illinois and Ohio Coal Company, defendants; and the other entitled *408 Elizabeth McIntosh, administratrix of the estate of John S. McIntosh, deceased, plaintiff, v. Isaac Shelby, Jun., Illinois and Ohio Coal Company, Adam Kuhn and William S. McIntosh, and Philip S. McIntosh, partners under the name of W. S. & P. S. McIntosh, defendants.
Isaac Shelby, Jun., was, at the commencement of the suit, and continues to be, a citizen and resident of the State of Illinois; and the Illinois and Ohio Coal Company is an association of persons incorporated and doing business within the State of Illinois. The plaintiffs in each of said suits were citizens of the State Ohio; and the matters in dispute between the parties in each of said actions, constituting the claim of plaintiffs, as set forth in their petition, exceeds in value the sum of five hundred dollars, exclusive of costs. Upon the day the relators entered their appearance in said actions at said May term of that court, so held by defendant, they filed their petitions, with bonds conditioned according to law, setting forth the foregoing facts, and praying *for the removal of said causes for trial into the next circuit court of the United States, to be held in the northern district of Ohio, within which said Columbiana county is situate, agreeably to the provisions of the act of Congress in such cases provided. Without any defense being made to their said petitions for removal, or to the' granting the prayer thereof, the defendant so then holding said court of common pleas, refused to fix the amount of the penalty for said bonds, or to allow a change of jurisdiction or removal of the causes as prayed for, and refused to give the relators the benefit of said act of Congress, but proceeded to render judgment in each of said cases, as upon default. No proof was heard by the court of the truth of the allegations of the petitions; nor does it appear that they were denied; but the defendant having gained jurisdiction of the cases, and no satisfactory reason, as it seems, being given to him for their removal, insisted upon the right to exercise the jurisdiction which he had before acquired, and so' proceeded to render judgment therein.
As reasons, among others, for not certifying the causes to the circuit court, it is suggested, that only part of the defendant's in one of the causes were citizens of another -state, and that they were made parties, some by summons, and others by notice, and appeared respectively at different times; but it is not insisted that the relators were not citizens of another State; nor that the Illinois *409 and Ohio Coal Company was not a corporation created by the legislature of the State of Illinois, and doing business in that state. 'The other party defendant in that case, it is admitted, was a citizen of Illinois; and that all the plaintiffs in each cause were citizens of Ohio. It is also suggested that there was no proof made •of the fact that the matter in controversy, or dispute, in the cases, exceeded the sum of $500, exclusive of costs; the only evidence being the sum demanded by plaintiffs in their petition; and that it did not appear that plaintiffs expected to recover that amount, and were not in fact willing to accept a less sum than the sum claimed in their petition.
The removal of causes from the state courts in certain cases, is provided for by the act of Congress, passed September -24, 1789, as follows:
*“Seo. 12. Ifasuilbe commenced in anystate court against any alien, or by a citizen of the state in which the suit is brought, •against a citizen of another state, and the matter in dispute exceeds the aforesaid sum of' five hundred dollars, exclusive of costs, to be made to appear to the satisfaction of the court, and the defendant shall, at the time of entering his appearance in such state court, file a petition for the removal of the cause for trial into the next circuit court to be held in the district where the suit is pending (or if in the district of Maine, to the district court next to be hoiden therein ; or if in the Kentucky district, to the district court next to be hoiden therein), and offer good and sufficient surety for his entering in such court, on the first day of its session, copies of said process against him, and also for his there appearing and entering spcial bail in the cause, if special bail was originally requisite therein, it shall then be the duty of the state court to accept the surety, and proceed no further in the cause; any bail that may have been originally taken shall be discharged, and the said copies being entered as aforesaid, in such court of the United States, the cause shall then proceed in the same manner as if it had been brought there by original process,” etc.
Under this section it has been held, that a suit can not be removed where part of the defendants are citizens of the state in which the suit is brought, and only part of the defendants are citizens of another state. See the case of Wilson v. Blodget, 4 McLean, 363; and Heirs of Ludlow v. Heirs of Kidd, 3 Ohio, 48. To sustain the jurisdiction of the United States court, and authorize the removal, the citizenship of each of the several defendants must be such as to make the suit removable. Hubbard v. Northern *410 Railroad Co., 25 Vt. 715, 719: Board of Foreign Missions v. McMaster, 4 Am. L. Reg. 529; Welch v. Tennent, 4 Cal. 203.
A corporation created by, and transacting business in, a certain state, is to be deemed an inhabitant of that state, and capable of being treated as a citizen for all purposes of suing and being sued. Louisville Railroad Co. v. Letson, 2 How. 314; Wheedon v. Camden & Amboy R. R. Co., 4 Am. L. Reg. 296; Marshall v. Baltimore & Ohio R. R. Co., 16 How. 314.
When none of the defendants are citizens of the state where sued, and are served at different times, or at different times enter their appearance, they may each, at such different times of entering their appearance, respectively make application for removal. Ward v. Arredondo, 1 Paine, 370. But if all the parties defendant *in such case do not appear in the circuit court to which the suit is so removed, the case will be remanded by that court.
If, however, all the parties defendant have been served, and appear in the state court, in order to give any the benefit of the law of Congress for having the case certified to the circuit court of the-United States, they must all join in the petition.
The foregoing decisions, made under the .act of Congress above-referred to, would seem to have disposed of the principal objections suggested by defendant, to the right of relators to have at least one-of the cases certified for trial into the circuit court of the United States, as prayed for in their petition.
The section of the act of Congress under which the relatorssought to have the causes certified to the circuit court, was found to embrace cases mentioned in section 2 of article 3 of the constitution of the United States. And the language of the act, as well as of the provisions of that section of the constitution, gives to the-United States court, and takes from the state court, jurisdiction of the case, where the defendants are citizens of another state, upon their filing a petition for the removal of the cause, and showing the facts and offering sufficient surety to the court, in accordance with the provisions of the act of Congress. And any further proceedings on the part of the state court, in the trial of the cause and jn entering judgment, would be coram non judice.
It would, therefore, seem unnecessary to consider the question, whether Congress had the power, under the constitution, to compel state courts or state officers to execute its laws. The provisions of the act of Congress under consideration, in relation to trans *411 ferring jurisdiction, unquestionably authorizes the circuit court to> take jurisdiction of the case when certified; and a transfer of the case is more convenient for the states and the suitors, than to-have the same dismissed, to be again commenced de novo in the circuit court.
The duty of yielding to the United States court the jurisdiction of the case, where the defendant shows himself entitled to the-constitutional provision of an exemption from a trial in the state court, is imposed by the constitution itself. And the practice of certifying the case, in accordance with the provisions of the act *of Congress has been recognized by the courts of this state ever since their organization, and has become established by long and continued usage, as a rule of practice of the state courts-in such cases.
The duty of the courts of this state, therefore, to certify cases to-the circuit court of the United States, might at this time be well urged, from long and continued usage, independent of the act of Congress commanding it, and in the absence of state legislation upon the subject.
The obligations arising under the constitution of the United States, whether enforced by congressional or by state legislation, or remaining only in the nature of compacts, unsupported by either federal or state legislation, are alike entitled to scrupulous regard and respect by the state courts. And this would seem to be more especially desirable and necessary in those cases where the power to legislate for the enforcement of such compacts has not been given to Congress by the constitution, nor exercised by the state legislature.
In the case under consideration, it does not very clearly appear upon what ground the court of common pleas rested the objection to certifying the case. It does not appear that the relators excepted to the holding of the court, or to any of the proceedings. No bill of exceptions was presented and asked to be allowed, in relation to any of the proceedings or exceptions thereto, in that court • nor is there any pretense that the defendant was not ready and willing to give the relators the full benefit of a fair bill of exceptions.
Under this state of facts, the relators ask a peremptory mandamus. Can that writ, by the rules of law applicable to the case,, be allowed?
The writ of mandamus, at common law, was a prerogative writ, *412 introduced to prevent discord from a failure of justice, and to be used on occasions where the law had established no specific remedy. It is, however, a general rule, at common law, that the writ of mandamus does not lie unless the party applying has no other adequate legal remedy.
The provisions of our code seem strictly consonant with this *common-law rule, as the cases in which the writ of mandamus may issue. Section 570 provides, “ That this writ may not be issued in any ease where there is a plain-and adequate remedy in the ordinary course of the law.”
If we look to this case, as presented by the petition of relators, and the answer of the defendant, it is evident that the relators had a plain and adequate remedy at law, by excepting to the holdings of the court. The relators had only to prepare, present, and procure the allowance of a bill of exceptions, so as to present a statement of the facts upon the record, and, by a petition in error, to subject the rulings of that court to review; and if found erroneous, to reversal by a higher court. If, in fact, any error intervened in the proceedings of the court of common pleas, the correction of that error could have been obtained in the usual and ordinary course of proceeding provided by law in all similar cases.
But the relators, for some reason, did not see fit to avail themselves of the ordinary and adequate remedy provided for the correction of errors in proceedings of the court of common pleas; and it is evident to us that, having so neglected their appropriate and ordinary remedy, they not Only are not entitled to the extraordinary remedy of a peremptory mandamus, but that at this time a mandamus would be inappropriate and inadequate.
Judgment was rendered, and no stay of execution being had, the same has probably long since been executed. We can not, therefore, perceive wherein the relators would obtain any relief or benefit from the cases at this time being certified into the circuit court for a new trial, in which the plaintiffs might possibly again recover the same amounts from relators, unless they should plead in bar the ’ former recovery.
For the reasons expressed, the motion of the relators is overruled, at their costs. i ■
Swan, Brinkerhorr, and Scott, JJ., concurred.